```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Juan E. Marrero, #10241-040, | ) C/A No.: 8:10-1699-JMC-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Michigan Department of Corrections, | ) |
| Respondent. | ) |

This federal prisoner, currently incarcerated at FCI-Edgefield, files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging a detainer which has been lodged against him violates the Interstate Agreement on Detainers (IADA). The detainer is a parole violation, and the Michigan Department of Corrections, the respondent in this action, has been notified of the detainer.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70 (2nd Cir.

1975). Even under this less stringent standard, the petition for writ of habeas corpus is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387(4th Cir. 1990).

A detainer lodged based upon a prisoner's violation of the terms of his probation is not related to an untried criminal charge, and therefore is not subject to the IADA. *See United States v. Jankowski*, 771 F.2d 70, 72-73 (3d Cir.1985) (Art. III of the IADA does not apply to detainers based on probation infraction); *Graham v. Brooks*, 342 F.Supp.2d 256, 262 (D.Del.2004) ("violation of probation detainer ... does not come within the provisions of the IAD.") (*citing Carchman v. Nash*, 473 U.S. 716, 725 (1985)) (Art. III of the IAD does not apply to detainers based on violation of probation charges); *State v. Inscore*, 634 S.E.2d 389, 394-95 (W.Va.2006) (detainer filed by sending to state for violation of probation not subject to IADA).

In any event, this court does not have personal jurisdiction over a Michigan respondent. A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 159 L.Ed.2d 513, 124 S.Ct. 2711 (2004).; *Al-Marri v. Rumsfeld*, 360 F.3d 707, (7th Cir. 2004); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973).

In *Norris v. State of Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. State of Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973). In affirming in part but reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter

an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Michigan Department of Corrections cannot be reached by service of process issued by the United States District Court for the District of South Carolina. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976). Moreover, the Attorney General of Michigan cannot be served by mail from the District of South Carolina. *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* The Anti-Terrorism and Effective Death Penalty Act of 1996.

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge

September 7, 2010
Greenville, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).